## J. S. WILLIAMS v. C. E. HILBURN.

### (No. 5277.)

APPEAL from Lamar County. Opinion by HURT, J.

BURDETT & CONNER and J. M. LONG, counsel for appellant.

HODGES & ALLEN, counsel for appellee.

§ 287. *Appeal bond from justice's court; filing and approval of held to be in time.* Hilburn recovered a judgment by default against Williams in justice's court. Williams, who lived at a distance from the justice, mailed to said justice an appeal bond in the case. This appeal bond was taken from the postoffice by the justice's son and placed on the justice's docket, within ten days after the rendition of the judgment. Twenty-three days after the rendition of said judgment the justice discovered the bond, and marked it approved and filed as of date the day on which it was received from the post-office. These facts appearing upon appellee's motion to dismiss the appeal, the court sustained said motion and dismissed said appeal. *Held* error. It is insisted by appellee that "no paper is filed unless the officer has knowledge of its being filed, and that the justice could

not approve the bond without knowing of its existence."
This proposition is, by analogy, decided against appellee
in Jones v. Wells, *ante*, §§ 94, 95.]

May 4, 1887.                    Reversed and remanded.